# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

TAMARA WOLVERTON,

    **Plaintiff,**

v.                                           CASE NO.:

WALT DISNEY PARKS AND RESORTS U.S., INC.,

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TAMARA WOLVERTON (hereinafter "Ms. Wolverton" or "Plaintiff"), by and through undersigned counsel, hereby brings this action against Defendant, WALT DISNEY PARKS AND RESORTS U.S., INC. (Hereinafter "Disney," "the Company," or "Defendant"). In support of her claims, Plaintiff states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages, exclusive of interest, fees, and costs, and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the Florida Private Whistleblower's Act Section 448.102 (1), Florida Statutes ("FPWA")

due to Defendant's unlawful employment practices.

2. Venue is proper in this Court because all the events giving rise to these claims occurred in Orange County, Florida.

**PARTIES**

3. Plaintiff is a resident of Lakeland, Polk County, Florida.

4. Defendant is a Florida Profit Corporation with its principal Corporate Headquarters located at 1375 Buena Vista Drive, 4th Floor North, Lake Buena Vista, Florida 32830.

**GENERAL ALLEGATIONS**

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII.

9. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FPWA, Fla. Stat. Section 448.102 (1).

## FACTUAL ALLEGATIONS

10. Ms. Wolverton began her employment with the Company on December 19, 2015, and last held the title of Food and Beverage Services H/H at the Hollywood Brown Derby restaurant at Disney's Hollywood Studios theme park. In this role, Cast Members are responsible for creating a magical and enjoyable dining experience by ensuring the highest standard of Guest Service. In this role, Ms. Wolverton was responsible for taking and recording food and beverage orders from Guests, processing those order using a computer terminal, ensuring all items were prepared and served on a timely basis and keeping the work location clean.

11. On July 30, 2021, the Company announced that it was implementing a policy requiring all salaried and hourly non-union employees in the U.S. to be fully vaccinated against COVID-19, with exceptions as required by law. For union employees covered by collective bargaining agreements, the Company had discussions with the respective unions.

12. In August 2021, the Company reached agreement with the Service Trades Council Union (STCU) requiring all Cast Members represented by the STCU collective bargaining agreement (which included

Wolverton) to be fully vaccinated against COVID-19, with exceptions as required by law. At the time, the Company established a vaccination deadline of October 22, 2021, for STCU- represented Cast Members, absent an approved accommodation for a disability or a sincerely held religious belief.

13. On or about October 4, 2021, Ms. Wolverton submitted a request to be exempted from the Company's vaccination mandate based on a sincerely held religious belief.[1] In the request, Ms. Wolverton wrote that she believed the mandated vaccine was contrary to biblical teachings and her faith in Jesus Christ.

14. Disney ignored Ms. Wolverton's Religious Accommodation Request.

15. On November 19, 2021, Governor DeSantis signed into law House Bill HB-1B, which became Florida Statute § 381.00317, also referred to as Florida's Private Employer Vaccine Mandate Program, a law prohibiting private employers from enacting COVID-19 mandates for their employees without providing certain enumerated exemptions. The statute provides (in

---

[1] Ms. Wolverton is a covenant keeping believer in the Holy Scriptures of the Bible.

pertinent part):

> A private employer may not impose a COVID-19 vaccination mandate for any full-time, part-time, or contract employee without providing individual exemptions that allow an employee to opt out of such requirement on the basis of medical reasons, including, but not limited to, pregnancy or anticipated pregnancy; religious reasons; COVID-19 immunity; periodic testing; and the use of employer-provided personal protective equipment…

This statute served to clarify and bolster the protections already afforded by Title VII.

16. Upon the enactment of this statute, Defendant should have granted Plaintiff her requested exemption to the vaccine mandate. However, Defendant continued to flout the law.

17. On or about February 17, 2022, the Company revised its face covering guidelines, making it optional for fully vaccinated employees to wear face coverings at most indoor locations on Company property. However, the Augmented Health and Safety Protocols still applied to those employees who had not verified their vaccination status and required face coverings both indoors and outdoors.

18. Disney's February 17, 2022, Mask policy is discriminatory on its face as it clearly treats exempt employees differently than non-exempt

employees.

19.     On or about February 21, 2022, Ms. Wolverton reported to her scheduled shift. Ms. Wolverton's leaders noticed she was not wearing a face covering, pulled her aside, and told her that she needed to wear her face covering. Ms. Wolverton objected to this request based on religious discrimination and informed her supervisor that she wanted to work without a mask like her fellow co-workers.

20.     Ms. Wolverton's supervisor ignored her request to work unmasked and sent Ms. Wolverton home for the day despite her objection and making it clear that she believed Disney was discriminating against her religious freedoms.

21.     On March 8, 2022, Disney finally acknowledged Ms. Wolverton's Religious exemption during an interview with senior employee relations manager Colleen Salisbury. Despite Ms. Salisbury acknowledging Ms. Wolverton's Religious Accommodation Request, Ms. Salisbury still denied Ms. Wolverton's request and refused to treat Ms. Wolverton equally to her coworkers. Despite this clearly discriminatory act by Ms. Salisbury made based on Ms. Wolverton's religious beliefs, Ms. Wolverton agreed to comply to Disney's mask mandate if Disney required all employees to wear a mask.

Ms. Salisbury refused to participate in Ms. Wolverton's proffered solution as part of an interactive process.

22. On March 8, 2022, following her conversation with Ms. Salisbury, Ms. Wolverton reported for her scheduled shift and spoke with her manager, Robert Trenner, Proprietor – Food and Beverage. During their discussion, Ms. Wolverton stated she believed the Augmented Health and Safety Protocols were discriminatory because they did not apply to all employees. Mr. Trenner acknowledged Wolverton's explanation and let her know that refusing to comply with the health and safety protocols in place was an act of willful insubordination, and that she would be placed on investigatory suspension pending further review of the matter.

23. On March 16, 2022, Mr. Trenner terminated Ms. Wolverton's employment.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, EMPLOYMENT DISCRIMINATION ON THE BASIS OF RELIGION
### (Failure to Accommodate)

24. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a member of a protected class under Title VII.

26. The denial of Plaintiff's request for religious accommodation and subsequent termination were unlawful acts of discrimination and retaliation in violation of the applicable provisions of Title VII of the Civil Rights Act of 1964.

27. Defendant's actions were willful and done with malice.

28. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    (a) A jury trial on all issues so triable;

    (b) That process issue and that this Court take jurisdiction over the case;

    (c) An injunction restraining continued violation of Title VII by Defendant;

    (d) Compensation for lost wages, benefits, and other remuneration;

    (e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    (f) Any other compensatory damages, including emotional distress, allowable at law;

 (g) Prejudgment interest on all monetary recovery obtained.

 (h) All costs and attorney's fees incurred in prosecuting these claims; and

 (i) For such further relief as this Court deems just and equitable.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, EMPLOYMENT DISCRIMINATION ON THE BASIS OF RELIGION
### (Disparate Treatment)

29. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 as though fully set forth herein.

30. Plaintiff is a member of a protected class under Title VII.

31. Defendant's aforementioned conduct subjected Plaintiff to disparate treatment based on her religion.

32. The disparate treatment to which Plaintiff was subjected based on her religion evinces Defendant's hostility towards persons of faith and constitutes unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964.

33. Defendant's actions were willful and done with malice.

34. Plaintiff was injured due to Defendant's violations of Title VII,

for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of Title VII by Defendant;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Any other compensatory damages, including emotional distress, allowable at law;

(g) Prejudgment interest on all monetary recovery obtained.

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT III
## VIOLATION OF THE FLORIDA PRIVATE WHISTLE-BLOWER'S ACT
## § 448.102 – Florida Statutes

35. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 as though fully set forth herein.

36. Defendant is an employer with more than ten employees that conducts business in the State of Florida and is therefore subject to the Florida Private Whistle-blower Act.

37. Plaintiff worked for Defendant from December 19, 2015, through March 16, 2022.

38. During Ms. Wolverton's employment with Disney, she was a trusted, hardworking employee that received frequent praise for the job she performed.

39. On or about October 4, 2021, Ms. Wolverton submitted a request to be exempted from the Company's vaccination mandate based on a sincerely held religious belief.

40. On November 19, 2021, Governor DeSantis signed into law House Bill HB-1B, which became Florida Statute § 381.00317, also referred to as Florida's Private Employer Vaccine Mandate Program.

41. Upon the enactment of this statute, Defendant should have

granted Plaintiff her requested exemption to the vaccine mandate. However, Defendant continued to flout the law.

42. On March 8, 2022, Disney finally acknowledged Ms. Wolverton's Religious exemption during an interview with senior employee relations manager Colleen Salisbury. Despite Ms. Salisbury acknowledging Ms. Wolverton's Religious Accommodation Request, Ms. Salisbury still denied Ms. Wolverton's request and refused to treat Ms. Wolverton equally to her coworkers.

43. On March 8, 2022, following her conversation with Ms. Salisbury, Ms. Wolverton reported for her scheduled shift and spoke with her manager, Robert Trenner, Proprietor – Food and Beverage. During their discussion, Ms. Wolverton stated she believed the Augmented Health and Safety Protocols were discriminatory because they did not apply to all employees. Mr. Trenner acknowledged Wolverton's explanation and let her know that refusing to comply with the health and safety protocols in place was an act of willful insubordination, and that she would be placed on investigatory suspension pending further review of the matter.

44. On March 16, 2022, Mr. Trenner terminated Ms. Wolverton's employment.

45. Disney had no legitimate reason to terminate Ms. Wolverton.

46. Disney's termination of Ms. Wolverton is clearly retaliation against her for objecting to the COVID-19 vaccine mandate and continued discrimination regarding their mask mandate.

47. As such it directly violates § 448.102 (3), Florida Statutes.

48. Therefore, Ms. Wolverton is entitled to compensatory damages for her lost wages from the time of her termination until judgment is rendered.

49. Additionally, Section 448.08, Florida Statutes, allows a prevailing party to collect reasonable attorney's fees in a claim for unpaid wages resulting from FPWA retaliation.

**WHEREFORE**, Plaintiff, demands judgment against Defendant for the following:

    a) Declaration that defendant violated Florida Private Whistle-blower Act;

    b) An injunction prohibiting defendant from further violations of the Florida Private Whistle-blower Act;

    c) Reinstatement to her position or a comparable amount of front pay;

d) Compensatory damages for mental anguish;

e) An award to plaintiff of backpay, including interest, reflecting her lost wages and benefits, which resulted from defendant's violations of the Florida Whistle-blower Act; and

f) Any other relief this Honorable Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Dated this 21st day of December 2022.

>   */s/ Jason W. Imler, Esq*
>   Jason W. Imler
>   Florida Bar No. 1004422
>   Brian T. Gruber, Esq.
>   Florida Bar No. 1027865
>   **Imler Law**
>   19409 Shumard Oak Dr., Unit 103
>   Land O' Lakes, Florida 34638
>   (P): 813-553-7709
>   Jason@ImlerLaw.com
>   Brian@ImlerLaw.com